Filed 3/27/26  P. v. Allen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C103624 |
| Plaintiff and Respondent, | (Super. Ct. No. 24CF03635) |
| v. | |
| HOWARD RICHARD ALLEN II, | |
| Defendant and Appellant. | |

Defendant Howard Richard Allen II pled no contest to arson of an inhabited structure or property and was sentenced to three years in prison.  Appointed counsel for defendant asks this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

According to the probation report, which defendant stipulated to as the factual basis for his plea, early one morning in July 2024, during the Park Fire, defendant used

1

an accelerant to start a fire near the water heater in his apartment in Chico. The apartment complex had four buildings in close proximity and over a dozen residents were evacuated due to the fire.

In August 2024, defendant was charged with one count of arson of an inhabited structure or property with the special allegation the arson occurred during a state of emergency.

The following month, defendant was referred to Butte County Behavioral Health for a mental health diversion assessment. In December 2024, defendant withdrew his request for mental health diversion.

In January 2025, defendant pled no contest to the arson count and the trial court dismissed the special allegation with a *Harvey*[1] waiver. At the sentencing hearing in March 2025, defense counsel asked to delay sentencing so defendant could be evaluated by Far Northern Regional Center. The court offered to continue the hearing to explore that option, but defendant instructed his counsel to proceed with sentencing and declined the court's offer to continue the matter.

The trial court denied defendant's request for probation and sentenced him to the low term of three years in prison. The court awarded defendant 219 days of custody credit and 32 days of conduct credit, for a total of 251 days of credit. The court imposed a minimum $300 restitution fine; a $300 parole revocation restitution fine, suspended unless parole was revoked; a $40 court operations assessment; and a $30 conviction assessment. Victim restitution was reserved. The court informed defendant of his duty to register pursuant to Penal Code section 457.1.

Defendant appeals. The trial court denied his request for a certificate of probable cause.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


/s/_____
ROBIE, J.


We concur:


/s/_____
HULL, Acting P. J.


/s/_____
WISEMAN, J.*

_____

*    Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.